PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN D. BRAKE, | ) | |
| | ) | CASE NO. 5:25CV1399 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| OPERATIVE PLASTERERS AND CEMENT MASONS LOCAL 109 PENSION PLAN, *et al.*, | ) | **FINDINGS OF FACT AND CONCLUSIONS OF LAW** |
| | ) | |
| Defendants. | ) | [Resolving ECF Nos. 24 and 25] |

This matter is before the Court upon competing briefs for judgment on the administrative record (ECF Nos. 24 and 25)[1] of Plaintiff Brain D. Brake and Defendants Operative Plasterers & Cement Masons Local 109 Pension Plan ("Plan"), Board of Trustees of the Operative Plasterers & Cement Masons Local 109 Pension Plan ("Board" or "Trustees"), and Solxsys Administrative Solutions, LLC ("Solxsys") (collectively "Defendants") pursuant to the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, as amended.

[1] Pursuant to the Case Management Plan ("CMP") (ECF No. 20), Plaintiff also filed a reply brief (ECF No. 27) and the parties filed Proposed Findings of Fact and Conclusions of Law. *See* ECF Nos. 28 and 29.

After considering the parties' positions regarding the Administrative Record (ECF No. 23-1)[2] in accordance with *Wilkins v. Baptist Healthcare System, Inc.*, 150 F.3d 609, 619 (6th Cir. 1998) (Gilman J. concurring), the Court finds in favor of Defendants based on the following Findings of Fact and Conclusions of Law.

## I. Findings of Fact

1. On May 4, 2022, Plaintiff applied for a Special Disability Benefit from the Plan. *See* ECF No. 23-1 at PageID #: 120-22.

2. Plan Section 5.7 describes the Plan's Special Disability Benefit:

5.7 Special Disability Benefit

(A) Notwithstanding any contrary provision of this Plan, a Participant *who is eligible for an Early Retirement Benefit*, and *who has pending on the date of his application for an Early Retirement Benefit an application for Permanent and Total Disability Benefits from the Social Security Administration*, shall be entitled to a Permanent and Total Disability Benefit under this Plan if the Social Security Administration finds the Participant to be Permanently and Totally Disabled under his application. Upon such approval by the Social Security Administration, the Participant shall be entitled to a Permanent and Total Disability Benefit retroactive to the date of his application for an Early Retirement Benefit under this Plan. In order to be eligible for the benefit provided by this Section, the Participant must supply the Administrative Manager with a copy of his application for disability benefits from the Social Security Administration at the time the Participant makes application for his Early Retirement Benefit; and, the Participant must supply the Administrative Manager, within thirty days of his issuance, with a

---

[2] In compliance with ¶ 9 of the CMP (ECF No. 20 at PageID #: 108) and Electronic Filing Policies and Procedures Manual (Feb. 10, 2020) at §§ 19 and 24, Defendants filed the Administrative Record (ECF No. 23-1) under seal.

> copy of the decision by the Social Security Administration finding the Participant to be Permanently and Totally Disabled.

ECF No. 23-1 at PageID #: 205 (emphasis added).

3. Plan Section 4.1(B) describes the rules to be eligible for an Early Retirement Benefit:

> 4.1 Eligibility for Early Retirement Benefits
>
> * * *
>
> (B) For retirements on and after December 1, 2010, an Active Participant who has completely retired from employment with all Employers in the jurisdiction of this Fund shall be eligible for an Early Retirement Benefit provided:
>
> (1) The Participant is *at least age fifty-five* and under age sixty-five, and
>
> (2) The Participant has attained credit for vesting through Hours of Service for work performed under collective bargaining agreements and has at least ten Years of Service, but less than thirty Years of Service, or,
>
> (3) The Participant has attained credit for vesting through Hours of Service for work performed under agreements other than collective bargaining agreements and has at least five Years of Service, but less than thirty Years of Service; and
>
> (4) The Participant has elected and applied for an Early Retirement Benefit on a form prescribed by the Trustees and the Trustees shall have approved the application.

ECF No. 23-1 at PageID #: 201 (emphasis added).

4. On October 3, 2022, the Social Security Administration denied Plaintiff's application for Social Security disability benefits. *See* ECF No. 23-1 at PageID #: 128-31.

5. Plaintiff states he "provided proof [of] an active SSDI application when he applied for Early Retirement Benefits. (AR 10-13)." ECF No. 24 at PageID #: 352. The Social Security

Administration's denial letter, however, states Plaintiff did not qualify for benefits on his claim because he was "not disabled under our rules." ECF No. 23-1 at PageID #: 128.

6. In order to be eligible for a Special Disability Benefit from the Plan, Plan Section 5.7 requires that Plaintiff have a Social Security application "pending on the date of his application." *See* ECF No. 23-1 at PageID #: 205.

7. Defendants interpreted the Social Security Administration denial to mean Plaintiff no longer had a "pending" Social Security application as required by Plan Section 5.7. *See* ECF No. 23-1 at PageID #: 127.

8. Therefore, on October 17, 2022, Defendants issued a letter to Plaintiff denying his application to the Plan because Plaintiff had "not received an award from Social Security for disability benefits." ECF No. 23-1 at PageID #: 127.

9. Defendants' letter also stated that Plaintiff "[had] the right to appeal this decision. A copy of your appeal rights is enclosed." ECF No. 23-1 at PageID #: 127.

10. Defendants believe that Plaintiff was provided with his appeal rights in 2022. Defendants acknowledge, however, that the claims and appeals procedures are not in the Administrative Record (ECF No. 23-1). *See* ECF No. 25 at PageID# 372.

11. Another requirement of Plan Section 5.7 is that a participant applying for a Special Disability Benefit be eligible for an early retirement benefit. *See* ECF No. 23-1 at PageID #: 205.

12. Plan Section 4.1(B) requires that a participant must be at least 55 years old to be eligible for an early retirement benefit. *See* ECF No. 23-1 at PageID #: 201.

13. Plaintiff's date of birth is May 17, 1971. *See* ECF No. 23-1 at PageID #: 161.

14. In 2022, when he applied for a Special Disability Benefit, Plaintiff was 51 years old. ECF No. 23-1 at PageID #: 161.

15. Therefore, in addition to not having a "pending Social Security application, Plaintiff was not eligible for the Special Disability Benefit because he was not old enough to be eligible for an Early Retirement Benefit, which was one of the necessary elements to be eligible for a Special Disability Benefit. *See* Plan Section 5.7 (ECF No. 23-1 at PageID #: 205); Plan Section 4.1(B) (ECF No. 23-1 at PageID #: 201).

16. Plaintiff never appealed Defendants' 2022 denial. Plaintiff argues that this is because he was not provided with his appeal rights. *See* ECF No. 24 at PageID #: 348; ECF No. 27 at PageID #: 410-11. Plaintiff, however, does not elaborate on what he could have accomplished on appeal in 2022.

17. Plaintiff does not reference any language in the Plan requiring Defendants to hold any decision in abeyance if, for example, a participant decided to appeal Social Security's decision. Plaintiff also does not reference anything in the Administrative Record (ECF No. 23-1) showing that Plaintiff ever notified Defendants of whether he was appealing Social Security's denial.

18. On April 23, 2024, the Social Security Administration issued a letter to Plaintiff stating that it found him to be disabled as of May 17, 2021. *See* ECF No. 23-1 at PageID #: 134-41.

19. There was no further correspondence or communication between Plaintiff and Defendants until May 3, 2024, when Plaintiff faxed Defendants the favorable determination by

the Social Security Administration. *See* ECF No. 23-1 at PageID #: 133-41. The fax cover sheet states: "Notice of Award." *See* ECF No. 23-1 at PageID #: 133 . Plaintiff did not indicate that he was providing a copy of the Award of Social Security Disability to be used as any kind of continuation of his 2022 application or as any kind of supplement to his 2022 application.

20. On June 12, 2024, Plaintiff applied to the Plan for a Permanent and Total Disability Benefit. *See* ECF No. 23-1 at PageID #:146-47.

21. Plan Section 5.1(A), effective May 1, 2021, dictates the requirements to be eligible for the Plan's Permanent and Total Disability Benefit. *See* ECF No. 23-1 at PageID #: 267-273.

22. Plan Section 5.1(A) states:

> (A) A Participant who has not forfeited his service shall be eligible to receive a Permanent and Total Disability Benefit provided:
>
> (1) The Participant, at the time of application for Permanent and Total Disability Benefits, *has earned at least 800 Hours of Service in each of the two Plan Years immediately prior to the Plan Year in which the Participant is determined to be disabled by the Social Security Administration*;
>
> (2) The Participant shall have incurred a Permanent and Total Disability as defined in Section 1.47[;]
>
> (3) The Participant shall have at least nine Years of Service;
>
> (4) The Participant has applied for and received from the Social Security Administration an award of Permanent and Total Disability; and
>
> (5) The Participant has applied for a Permanent and Total disability Benefit on a form prescribed by the Trustees, and the Trustees shall have approved the application.

ECF No. 23-1 at PageID #: 267 (emphasis added).

23. On June 17, 2024, Defendants issued a letter to Plaintiff denying his application to the Plan because Plaintiff did not satisfy the Plan's work hours requirement to be eligible for a Permanent and Total Disability Benefit under Plan Section 5.1(A)(1). *See* ECF No. 23-1 at PageID #: 152-53.

24. Plaintiff was provided his appeal rights with this denial. *See* ECF No. 23-1 at PageID #: 152-53.

25. Plaintiff timely appealed this denial. *See* ECF No. 23-1 at PageID #: 154.

26. In that appeal, Plaintiff acknowledged he did not meet the hours requirement. He stated "[m]y health conditions have already prevented me from meeting the required 800 work hours annually due to frequent medical appointments, treatments, and physical limitations." ECF No. 23-1 at PageID #: 154.

27. Nowhere in the appeal does Plaintiff mention his 2022 application. Moreover, nowhere in the appeal does Plaintiff state that he believes he is eligible for any benefit retroactive to 2022. *See* ECF No. 23-1 at PageID #: 154.

28. At its meeting on September 10, 2024, the Plan's Board of Trustees considered and denied Plaintiff's appeal because "the situations of the participant history and social security disability award does not align with current plan document rules." ECF No. 23-1 at PageID #: 157 (bold omitted).

29. On September 11, 2024, Defendants issued a letter to Plaintiff notifying him of the appeal denial because Plaintiff did not satisfy the Plan's work hours requirement to be eligible for the benefit for which he applied. *See* ECF No. 23-1 at PageID #: 159.

30. The Plan's Plan Year is May 1 – April 30. *See* Plan Section 1.36 (ECF No. 23-1 at PageID #: 188-189).

31. Plaintiff was determined to be disabled by the Social Security Administration as of May 17, 2021. *See* Finding of Fact No. 16; ECF No. 23-1 at PageID #: 134.

32. May 17, 2021, falls within the Plan Year May 1, 2021 – April 30, 2022. *See* Plan Section 1.36 (ECF No. 23-1 at PageID #: 188-189).

33. Pursuant to Plan Section 5.1(A), in order to be eligible for the Plan's Permanent and Total Disability Benefit, Plaintiff was required to work 800 hours in each of the two Plan Years immediately prior to the Plan Year in which he was determined to be disabled by the Social Security Administration. *See* ECF No. 23-1 at PageID #: 267.

34. The two Plan Years prior to the Plan Year in which Plaintiff was determined to be disabled by the Social Security Administration were May 1, 2020 – April 30, 2021, and May 1, 2019 – April 30, 2020. *See* Plan Section 1.36 (ECF No. 23-1 at PageID #: 188-189).

35. In the Plan Year May 1, 2020 – April 30, 2021, Plaintiff worked 598.25 hours and was therefore ineligible for a Permanent and Total Disability Benefit per the terms of Plan Section 5.1(A). *See* ECF No. 23-1 at PageID #: 164.

36. Plaintiff filed the case at bar on July 3, 2025. *See* Complaint (ECF No. 1).

37. Section 13.4(A) of the Plan Document vests discretion to the Trustees to determine eligibility for benefits or to construe the terms of the Plan:

> 13.4 Discretion of the Trustees
>
> (A) The Plan shall be administered solely by the Trustees, and the decisions of the Trustees in all matters pertaining to the

> administration of the Plan shall be final. The Trustees shall have full discretionary authority to determine eligibility for benefits or to construe the terms of the Plan. The Trustees shall make such rules and prescribe such procedures for the administration of the Plan as they shall deem necessary and reasonable.

ECF No. 23-1 at PageID #: 241.

38. Section 4 of the Plan's Amended and Restated Agreement and Declaration of Trust provides additional language granting discretionary authority to the Board of Trustees. *See* ECF No. 23-1 at PageID #: 292-95.

## II. Conclusions of Law

1. Plaintiff brings his claim under 29 U.S.C. § 1132(a)(1)(B). *See* ECF No. 1 at PageID #: 4, ¶ 14.

2. "When interpreting ERISA plan provisions, general principles of contract law dictate that we interpret the provisions according to their plain meaning in an ordinary and popular sense." *Benham v. Disability Portion of the Life & Disability Plan*, 6 Fed.Appx. 280, 282 (6th Cir. 2001) (quoting *Williams v. Int'l Paper Co.*, 227 F.3d 706, 711 (6th Cir.2000)).

3. As an initial matter, Plaintiff has not contested Defendants' denial of Plaintiff's 2024 application, which was based on the fact that Plaintiff had not worked enough hours to be eligible for the Plan's Permanent and Total Disability Benefit. *See* ECF No. 1 at PageID #: 1-5; ECF No. 24 at PageID #: 342-54.

4. Because Plaintiff has made no argument that Defendants' denial of Plaintiff's 2024 application was improper, the Trustees' 2024 decision is uncontested and upheld.

(5:25CV1399)

5. Plaintiff's claim for benefits must be decided under ERISA's arbitrary and capricious standard based upon the administrative record presented to the Trustees when they denied his applications and appeal of the Trustees' 2024 decision. *Wilkins, supra*.

6. When the trustees of an ERISA plan are vested with discretionary authority by the plan documents to construe plan terms, their decision will not be overturned unless it was an abuse of discretion. *Beardman v. Sheet Metal, Air, Rail, & Trans. Association Local Union No. 33 Youngstown Dist. Pension Fund*, No. 4:20CV2149, 2022 WL 950094, at *6 (N.D. Ohio March 30, 2022) (Pearson, J.) (citing *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 111 (1989)).

7. There is no "magic word" that will grant discretion to trustees. *Perez v. Aetna Life Ins. Co.*, 150 F.3d 550, 555 (6th Cir. 1998).

8. "While 'magic words' are unnecessary to vest discretion in the plan administrator and trigger the arbitrary and capricious standard of review, this circuit has consistently required that the plan contain 'a *clear* grant of discretion [to the administrator] to determine benefits or interpret the plan." *Id.* (emphasis in original) (quoting *Wulf v. Quantum Chem. Corp.*, 26 F.3d 1368, 1373 (6th Cir. 1994).

9. The Plan and Trust Documents at issue in the present case vest discretion in the Trustees. *See* Section 13.4(A) of the Plan Document (ECF No. 23-1 at PageID #: 241); Section 4 of the Plan's Amended and Restated Agreement and Declaration of Trust. *See* ECF No. 23-1 at PageID #: 292-95.

(5:25CV1399)

10. Because the Plan gives discretionary authority to interpret Plan terms to the Trustees, "their decision will not be overturned unless it was an abuse of discretion." *Beardman*, 2022 WL 950094, at *6 (citing *Firestone*, 489 U.S. at 111).

11. "The reviewing court does not have to agree with the Trustees. When they can offer a reasonable explanation based on the evidence, their decision is not arbitrary and capricious." *Id.* (citations omitted).

12. It is not up to the Court to decide whether the Trustees correctly decided the issue at hand. Instead, the Court must decide whether there was sufficient evidence in the administrative record before the Trustees to determine that Plaintiff did not qualify for the benefits he applied for. If sufficient evidence exists to uphold the Trustees' decisions, the Court must uphold the Trustees' determinations. *Buha v. United Food & Commercial Workers Int'l Union-Indus. Pension Fund*, 77 Fed.Appx. 347, 350 (6th Cir. 2003).

13. ERISA requires that fiduciaries, like the Plan Trustees in the case at bar, discharge their duties "in accordance with the documents and instruments governing the plan." 29 USC § 1104(a)(1)(D).

14. Trustees "have an obligation to maintain the actuarial soundness of their pension plan and not to grant pensions that violate the terms of the Plan." *Bagsby v. Central States, Southeast & Southwest Areas Pension Fund*, 162 F.3d 424, 428-29 (6th Cir. 1998).

15. "Under the arbitrary and capricious standard, a Court must accept an ERISA plan administrator's rational interpretation of a plan even in the face of an equally rational interpretation offered by the participants." *Pokorny v. Excavating Bldg. Material & Const.*

*Drivers Union Loc. No. 436 Pension Fund*, No. 1:14CV2821, 2015 WL 2250881, at *4 (N.D. Ohio May 13, 2015).

16. While the Complaint alleges that Defendants acted arbitrarily and capriciously in denying Plaintiff's 2022 application for a Special Disability Benefit, *see* ECF No. 1 at PageID #: 4, Plaintiff provides no argument or proof based on the administrative record that Defendants acted arbitrarily and capriciously in denying this application. *See* ECF No. 24 at PageID #: 342-54; ECF No. 27 at PageID #: 409-17.

17. Plaintiff argues that Defendants' denial in 2024 was actually a denial of his 2022 application. ECF No. 24 at PageID #: 342-54. Plaintiff, however, applied for two entirely different benefits with two completely different eligibility criteria. *See* Application for a Special Disability Benefit (ECF No. 23-1 at PageID #: 120-22) (2022 Application for Special Disability/Early Retirement); *cf.* Application for a Permanent and Total Disability Benefit (ECF No. 23-1 at PageID #:146-47) (2024 Application for Total and Permanent Disability).

18. Defendants' 2024 denial was not a denial of Plaintiff's 2022 application. Plaintiff's application in 2022 was for a Special Disability Benefit while his application in 2024 was for a Permanent and Total Disability Benefit. *See* ECF No. 23-1 at PageID #: 120-22; ECF No. 23-1 at PageID #:146-47. Defendants' denials were separate and independent of each other. *See* Denial of Application for a Special Disability Benefit (ECF No. 23-1 at PageID #: 127); Denial of Application for Permanent and Total Disability Benefit (ECF No. 23-1 at PageID #: 152-53).

19. Plaintiff has not addressed the impact of the October 3, 2022 Social Security Administration denial of his application for Social Security disability benefits, *see* ECF No. 23-1

at PageID #: 128-31, on Defendants' decision. Instead, Plaintiff focuses almost entirely on whether Defendants properly followed procedure after denying Plaintiff's 2022 application. *See* ECF No. 24 at PageID #: 342-54; ECF No. 27 at PageID #: 409-17.

20. The Court reviews *de novo* "the question of whether the procedure employed by the fiduciary in denying the claim meets the requirements of Section 1133." But the denial of coverage itself must be reviewed using the arbitrary and capricious standard. *See* *Kent v. United of Omaha Life Ins. Co.*, 96 F.3d 803, 806 (6th Cir. 1996).

21. Whether Plaintiff was provided with appeal rights after the 2022 denial does not alter the fact that the Trustees' decision was reasonable and rational and was not arbitrary or capricious.

22. Plaintiff's request that the Court award him benefits must be denied. "Because Retirees do not show that the procedural errors they allege affect the substance of their claims, they are not entitled to substantive remedies from the court." *Tate v. GM LLC*, 538 Fed.Appx. 599, 603 (6th Cir. 2013).

23. "A plaintiff denied any benefits at all has no expectation of receiving them unless [his] claim is meritorious, and thus returning [him] to the status quo prior to the § 1133 violation requires only curing the procedural violation so that []he may fairly pursue the merits of her claim." *Wenner v. Sun Life Assur. Co.*, 482 F.3d 878, 883-84 (6th Cir. 2007).

24. Plan Section 5.7 required that he have a "pending" application with the Social Security Administration when he applied for a Special Disability Benefit in 2022. *See* ECF No. 23-1 at PageID #: 205.

25. On October 3, 2022, the Social Security Administration had expressly denied Plaintiff's application for Social Security disability benefits on the grounds that he was "not disabled under our rules." ECF No. 23-1 at PageID #: 128.

26. Because the Social Security Administration had denied Plaintiff's application, there was no "pending" application before Social Security in 2022 as required by Plan Section 5.7. Therefore, Plaintiff did not meet the Plan's eligibility requirements.

27. Based on the evidence presented in the Administrative Record (ECF No. 23-1), the Trustees' analysis and decision on this point were not arbitrary and capricious because they were using their discretion to interpret and construe the terms of the Plan to mean that an explicit denial ended any "pending" application status.

28. The Trustees' interpretation that Social Security's denial of Social Security disability benefits meant that Plaintiff did not have a "pending" application as required by Plan Section 5.7 when his 2022 application was considered, and therefore that Plaintiff was ineligible for the Special Disability Benefit, was neither arbitrary nor capricious, but was instead a reasonable and rational interpretation of Plan Section 5.7.

29. In addition to not meeting the "pending" application requirement, Plaintiff was ineligible for the Special Disability Benefit because he could not meet the eligibility requirement for an Early Retirement Benefit, which is also one of the conditions under Plan Section 5.7 to be eligible for the Special Disability Benefit.

30. Plaintiff argues that the Court should remand the 2022 application to the Plan Administrator for reconsideration. *See* ECF No. 24 at PageID # 353-54.

(5:25CV1399)

31. Remanding Plaintiff's 2022 application for further review by Defendants would be futile. Remand is not appropriate if it would be a "useless formality." *McCartha v. Nat'l City Corp.*, 419 F.3d 437, 447 (6th Cir. 2005) (quoting *Kent*, 96 F.3d at 807).

32. "Pursuant to Sixth Circuit case law, remand represents a useless formality if the plan administrator provides at least one reasonable basis for the denial of benefits, even if two different and independent reasons are given for the denial." *Smith v. Health Servs. Of Coshocton*, 314 Fed.Appx. 848, 857 (6th Cir. 2009) (citing *McCartha*, 419 F.3d at 446-47).

33. "Where remand would be futile, violation of § 1133 does not require remand." *Chaborek v. Ford Component Sales LLC*, No. 2:18-CV-12763-TGB, 2019 WL 2410718, at *4 (E.D. Mich. June 7, 2019) (citation omitted).

34. Remanding Plaintiff's 2022 application to the Board of Trustees would be a "useless formality" because Plaintiff does not meet the Plan's requirements for a Special Disability Benefit under Plan Section 5.7. Therefore, even on remand, it would not be possible for the Plan to grant Plaintiff this benefit.

35. Plaintiff seeks an outright award of a Permanent and Total Disability Benefit under the Special Disability Benefit provision of the Plan. *See* ECF No. 24 at PageID #: 343; ECF No. 27 at PageID #: 417. He contends that the Award of Social Security Disability meant Defendants in 2024 should have re-opened his 2022 application for a completely different benefit and approved it. The record does not support Plaintiff's position. Rather, if the June 17, 2024 denial were a denial of Plaintiff's 2022 benefit application, then Plaintiff should have raised that issue when he appealed in 2024. He did not.

36. Plaintiff's request that the Court grant him disability benefits would cause the Plan to pay a benefit in violation of its own terms when Plaintiff did not meet the requirements to be eligible for an Early Retirement Benefit. That is, in 2022, he was not "at least age fifty-five." *See* Plan Section 4.1(B) (ECF No. 23-1 at PageID #: 201).

37. "[W]hile courts may review the trustees' administration of a plan, courts may not modify the clear and plain language of the plan itself." *Moore v. Reynold Metals Co. Retirement Program*, 740 F.2d 454, 456 n 4 (6th Cir. 1984).

38. Plaintiff did not have a "pending" application before the Social Security Administration nor was he old enough to be eligible for an Early Retirement Benefit as required by Plan Section 5.7, when the Trustees considered his 2022 application. Either of these facts would be disqualifying on their own.

39. Similarly, Plaintiff's allegations of a conflict of interest and bias, *see* ECF No. 1 at PageID #: 4, ¶ 19, are unsupported; and Plaintiff makes no mention of it outside of the Complaint (ECF No. 1) and does not provide any evidence or argument that Defendants operated under a conflict of interest.

40. A "mere allegation of a conflict of interest will not suffice. 'There must be some evidence that the alleged conflict of interest affected the plan administrator's decision to deny benefits.'" *Iley v. Metro. Life Ins. Co.*, 261 Fed.Appx. 860, 864 (6th Cir. 2008) (quoting *Jackson v. Metro. Life*, 24 Fed.Appx. 290, 292 (6th Cir. 2001)).

41. In addition, when "the Fund is a multi-employer benefit plan with no profit motive, and the individual trustees on the Board receive no personal financial benefit from approving or

denying claims", an inherent conflict of interest is not created. *Foltz v. Barnhart Crane & Rigging, Inc.*, 636 Fed.Appx. 677, 681 (6th Cir. 2016).

42. Plaintiff also does not reference anything in the Administrative Record (ECF No. 23-1) showing that Defendants had any financial incentive to deny Plaintiff's benefit applications. *See id.*

43. Based on the foregoing and the Administrative Record (ECF No. 23-1), Defendants' denial of Plaintiff's 2022 application for a Special Disability Benefit was not arbitrary and capricious.

44. Likewise, Defendants' denial of Plaintiff's 2024 application for a Permanent and Total Disability Benefit was not arbitrary and capricious.

45. Plaintiff's Dispositive Motion for Judgment on the Administrative Record (ECF No. 24) is denied. Defendant's Motion for Judgment on the Administrative Record (ECF No. 25) is granted. Judgment is rendered in favor of Defendants Operative Plasterers & Cement Masons Local 109 Pension Plan, Board of Trustees of the Operative Plasterers & Cement Masons Local 109 Pension Plan, and Solxsys Administrative Solutions, LLC and against Plaintiff Brain D. Brake.

IT IS SO ORDERED.

September 23, 2026
Date

*/s/ Benita Y. Pearson*
Benita Y. Pearson
United States District Judge